## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PPG INDUSTRIES, INC., | ) |
| | ) |
| Plaintiff, | ) 2:15-cv-965 |
| | ) |
| v. | ) Judge Mark R. Hornak |
| | ) |
| JIANGSU TIE MAO GLASS CO., LTD., | ) |
| ET AL., | ) |
| | ) |
| Defendants. | ) |

## OPINION

**Mark R. Hornak, United States District Judge**

On July 24, 2015, Plaintiff PPG Industries, Inc. ("PPG") filed the instant action against Defendants Jiangsu Tie Mao Glass Co., Ltd., Benhua Wu and Mei Zhang. In connection with the case, PPG issued subpoenas to third parties Microsoft Corporation ("Microsoft"), Google, Inc. ("Google") and Yahoo! Inc. ("Yahoo"). ECF Nos. 63-1, 63-6, 63-12. Pending before the Court are PPG's Motions to Compel Microsoft, Google and Yahoo to Produce Responsive Documents Pursuant to their Subpoenas. ECF Nos. 63-2, 63-7, 63-13. For the reasons that follow, PPG's Motions are DENIED.[1]

### I.    **BACKGROUND**

On May 8, 2015, one of PPG's former employees, Thomas Rukavina was arrested and charged with theft of trade secrets. ECF No. 63-2 at 8. In early June 2015, Thomas Rukavina committed suicide while under house arrest. *Id.* PPG then filed this action and obtained consent for the production of all materials related to the case from Robert Rukavina, Thomas Rukavina's brother and the executor and beneficiary of his estate. *Id.* at 8-9, 48-50. After receiving permission

---

[1] This Opinion and Order also resolve PPG's Motion to Compel as to Microsoft pending at 16-mc-817, ECF No. 1.

from the Court to conduct limited pre-answer discovery and serve specified subpoenas, PPG served subpoenas on Microsoft, Google and Yahoo seeking e-mail communications received and sent from Thomas Rukavina's accounts with each company. *Id.* at 9; ECF No. 18; ECF No. 63-3 at 2; ECF No. 63-9 at 8-9; ECF No. 63-15 at 2. When Microsoft, Google and Yahoo refused to provide the requested communications, PPG filed the pending Motions.[2]

## II.   **DISCUSSION**

The resolution of this case begins and ends with the Stored Communications Act ("SCA"), which generally provides that "a person or entity providing an electronic communication service to the public shall not knowingly divulge to any person or entity the contents of a communication while in electronic storage by that service." 18 U.S.C. § 2702(a)(1). However, under the SCA a provider "may divulge the contents of a communication" in certain circumstances, including when it has "the lawful consent of the originator or an addressee or intended recipient of such communication." § 2702(b)(3).

In this case, PPG argues that Microsoft, Google and Yahoo are required to provide the requested e-mails because PPG has served subpoenas for them and because Robert Rukavina, the executor of Thomas Rukavina's estate, has consented to their production, so (says PPG) the SCA's exception for the "lawful consent of the originator," § 2702(b)(3), applies. As part of its argument, PPG asserts that under Pennsylvania law an executor has the authority to handle a decedent's digital assets, including his electronic communications, as if she were the decedent. *See, e.g.*, ECF No. 63-2 at 12-13. Whether or not PPG's contention about this point of Pennsylvania law is correct, however, is irrelevant to untangling the current issue before the Court. Instead, the Court concludes by examining the language of the SCA itself that production should not be compelled.

---

[2] PPG initially filed its Motions to Compel in the Western District of Washington and the Northern District of California. Both such Districts then transferred the Motions to this Court. ECF No. 75 at 3.

First, it is plain that the SCA does not provide an exception to its general prohibition on disclosure for civil subpoenas. Not only is such an exception not enumerated in the statute, *see* §§ 2702-703, but there is a seemingly settled body of decisional law that affirmatively states that civil subpoenas provide no such exception. *See, e.g.*, *Hawaii Reg'l Council of Carpenters v. Yoshimura*, No. CV 16-00198 ACK-KSC, 2017 WL 738554, at \*3 (D. Haw. Feb. 17, 2017); *In re Facebook, Inc.*, 923 F. Supp. 2d 1204, 1206 (N.D. Cal. 2012) ("The case law confirms that civil subpoenas may not compel production of records from providers"); *Mintz v. Mark Bartelstein & Assocs., Inc.*, 885 F. Supp. 2d 987, 991 (C.D. Cal. 2012) ("The SCA does not contain an exception for civil discovery subpoenas."); *Flagg v. City of Detroit*, 252 F.R.D. 346, 350 (E.D. Mich. 2008) ("[A]s noted by the courts and commentators alike, § 2702 lacks any language that explicitly authorizes a service provider to divulge the contents of a communication pursuant to a subpoena or court order."); *In re Subpoena Duces Tecum to AOL, LLC*, 550 F. Supp. 2d 606, 611 (E.D. Va. 2008) ("the statutory language of the [SCA] does not include an exception for the disclosure of electronic communications pursuant to civil discovery subpoenas."); *Viacom Int'l Inc. v. Youtube Inc.*, 253 F.R.D. 256, 264 (S.D.N.Y. 2008) ("§ 2702 contains no exception for disclosure of [electronic] communications pursuant to civil discovery requests").

Second, even when one of the exceptions to prohibited disclosures delineated in § 2702(b) applies, the SCA nonetheless does not require providers to disclose communications. To begin, § 2702(b) specifically states that providers "*may*" divulge communications if an exception applies; it does not state that they "must" do so. *See* § 2702(b) (emphasis added). "The word 'may,' when used in a statute, usually implies some degree of discretion." *United States v. Rodgers*, 461 U.S. 677, 706 (1983). Furthermore, as Google correctly articulates in its papers, ECF No. 63-9 at 15-16, Congress knew how to draft a provision of the SCA requiring disclosure yet chose not to make

3

disclosure mandatory in cases with lawful consent. In fact, § 2702, where the consent exception is located, is entitled "Voluntary disclosure of customer communications or records," while § 2703 is entitled "Required disclosure of customer communications or records" and details the circumstances in which providers must divulge electronic communications. *See* §§ 2072-703. Ultimately then, according to the language of the SCA, it is within the providers' discretion whether to disclose e-mails even in cases where there is lawful consent. *See In re Facebook, Inc.*, 923 F. Supp. 2d at 1206 ("Under the plain language of Section 2702, while consent may permit production by a provider, it may not require such a production") (emphasis omitted); *Schweickert v. Hunts Point Ventures, Inc.*, No. 13-CV-675RSM, 2014 WL 6886630, at *13 (W.D. Wash. Dec. 4, 2014) ("Even if the Court could compel Plaintiff to consent to the disclosure of some her emails under Rule 34, the providers would still only be permitted, but not required, to turn over the contents under 18 U.S.C. § 2702(b)(3)…It would still remain within the providers' discretion to respond."). Therefore, the Court need not decide whether Robert Rukavina's consent as executor to production of Thomas Rukavina's emails is sufficient to establish "lawful consent" under § 2702(b)(3). In any case, the Court cannot compel the production of Thomas Rukavina's emails. PPG's Motions are therefore DENIED.

Although the Court's resolution of the pending Motions ends there, the Court would make a few final observations in order to address matters raised by the parties. First, PPG could still gain access to the emails in Thomas Rukavina's Microsoft account should it choose to pursue them. Microsoft stipulated at argument and in its papers that if the Pennsylvania court with jurisdiction over Thomas Rukavina's estate concludes that Robert Rukavina's consent is "lawful consent" under § 2702(b)(3), Microsoft will voluntarily divulge the emails PPG seeks. ECF No. 63-3 at 6. This Order does not foreclose that avenue.

4

Second, PPG could also potentially obtain the emails in Thomas Rukavina's Yahoo and Google accounts by identifying the individual(s) who have been accessing the accounts since Thomas Rukavina's death. Both Yahoo and Google assert that Thomas Rukavina's accounts have been accessed on numerous occasions since his death and note that PPG could uncover the identity of the individual(s) accessing the accounts by issuing subpoenas for non-content information (like IP addresses) to the appropriate parties. ECF No. 73 at 2-3; ECF No. 63-9 at 12; ECF No. 70 at 1. Once the identity of the individual(s) was uncovered, PPG could then ask the individual(s) for access to the emails.

Finally, even if the Court could otherwise order Microsoft, Google and Yahoo to produce the requested emails, it would be unlikely to order Yahoo to do so. Based on the record currently before the Court, it appears that Thomas Rukavina repeatedly consented to Yahoo's Terms of Service ("TOS"), which include (and have included since November 2003) a "No Right of Survivorship and Non-Transferability" provision. *See, e.g.*, ECF No. 73-3 at 10; ECF No. 73-1. Such provision explains that any rights Thomas Rukavina had to the contents of his Yahoo account terminated upon his death. *Id.* PPG has not cited to any law that convinces the Court that the express terms of the TOS would not control the matters at issue here. Thus, to put it directly, it would appear that at the time Robert Rukavina expressed his consent to the production of Thomas Rukavina's emails, the property contained in Thomas Rukavina's estate did not include his Yahoo emails. As the executor of Thomas Rukavina's estate, Robert Rukavina could not consent to production of electronic communications that the estate did not own.

5

## III.    CONCLUSION

PPG's Motions to Compel Microsoft, Google and Yahoo to Produce Responsive

Documents Pursuant to their Subpoenas are DENIED.[3]

An appropriate Order will issue.

Mark R. Hornak
United States District Judge

Dated:  July 21, 2017
cc:     All counsel of record

---

[3] In light of the developing nature of both the legal principles involved here, and the technology to which they relate, the Court finds no basis to assess sanctions against PPG, as Google requests. ECF No. 63-9 at 19-20.